J-S23039-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MONROE MERRITT, | : | |
| | : | |
| Appellant | : | No. 2085 EDA 2014 |

Appeal from the PCRA Order Entered June 16, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-1217361-1976

BEFORE:   DONOHUE, SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED MAY 28, 2015**

Monroe Merritt (Appellant) appeals from an order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1]  We affirm.

On November 15, 1977, a jury convicted Appellant of second-degree murder, robbery, criminal conspiracy, and possession of an instrument of crime in connection with the shooting death of George Dunbar, Sr., during a robbery at the decedent's home.  On January 21, 1982, the trial court sentenced Appellant to an aggregate judgment of sentence of life imprisonment.  This Court affirmed the judgment of sentence on October 9,

---

[1] Appellant has filed an "Application for Post-Submission Communication," in which he asks this Court to take judicial notice of the fact that on August 16, 2012, Appellant filed an amendment to his PCRA petition raising a claim pursuant to ***Miller v. Alabama***, 132 S.Ct. 2455 (2012).  Upon review, we conclude that this filing is listed on the docket and included in the record. Thus, Appellant's motion is denied as moot.

*Retired Senior Judge assigned to the Superior Court.

1986, and our Supreme Court denied allowance of appeal on October 13, 1987. *Commonwealth v. Merritt*, 517 A.2d 1365 (Pa. Super. 1986) (unpublished memorandum), *appeal denied*, 553 A.2d 711 (Pa. 1987).[2]

Following a series of unsuccessful petitions for post-conviction relief, Appellant filed the PCRA petition at issue here on May 9, 2012. Appellant then filed two amendments to his petition: one on August 16, 2012, and one on July 15, 2013. On February 10, 2014, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 that it intended to dismiss Appellant's petition as untimely filed without holding an evidentiary hearing. The court formally dismissed the petition on June 16, 2014, and Appellant timely filed a notice of appeal.

Our standard of review of an order dismissing a PCRA petition is limited to examining whether the PCRA court's rulings are supported by the evidence of record and free of legal error. *Commonwealth v. Brandon*, 51 A.3d 231, 233 (Pa. Super. 2012). Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review.

---

[2] The notable delays in this case are explained in *Commonwealth v. Monroe*, 660 A.2d 123 (Pa. Super. 1995) (unpublished memorandum), *appeal denied*, 668 A.2d 1127 (Pa. 1995).

42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." **Chester**, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" **Id.** (quoting **Commonwealth v. Lambert**, 884 A.2d 848, 851 (Pa. 2005)).

Appellant clearly filed his petition well over one year after his judgment became final. Thus, he untimely filed the petition, unless the petition alleged and Appellant offered to prove one or more of the following:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Appellant contends that his petition fits under the exception found at subsection 9545(b)(1)(iii). Specifically, Appellant asserts that he has satisfied the new constitutional right exception to the PCRA time-bar pursuant to the United States Supreme Court's decisions in **Missouri v.**

- 3 -

*Frye*, 132 S.Ct. 1399 (2012), *Miller v. Alabama*, 132 S.Ct. 2455 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013). However, this Court has concluded that *Frye*[3] does not create a new constitutional right and, as such, does not provide an exception to the timeliness requirements of the PCRA under subsection 9545(b)(1)(iii). *Commonwealth v. Hernandez*, 79 A.3d 649, 654 (Pa. Super. 2013); *Commonwealth v. Feliciano*, 69 A.3d 1270, 1276-77 (Pa. Super. 2013). Moreover, in *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013), *cert. denied*, 134 S.Ct. 2724 (2014), our Supreme Court held that the United States Supreme Court's holding in *Miller* does not apply retroactively and, thus, *Miller* likewise does not entitle Appellant to relief.[4] Finally, *Trevino* dealt solely with federal *habeas corpus* relief and whether a state prisoner's procedural default, *i.e.*, failure to raise a claim of ineffective assistance of counsel in a state court, could be excused. *Trevino*, 133 S.Ct. at 1921. Thus, although *Trevino* represents a further

---

[3] The Supreme Court in *Frye* held "that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 132 S.Ct. at 1408.

[4] Further, the holding of *Miller* is "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for **juvenile** offenders." *Miller*, 132 S.Ct. at 2469 (emphasis added). Appellant was not a juvenile at the time this incident occurred and, thus, the *Miller* decision does not apply to Appellant, despite his arguments to the contrary.

development in federal *habeas corpus* law, it is irrelevant to the time restrictions of our PCRA.

Accordingly, the PCRA court properly concluded that Appellant's petition was untimely filed without exception.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 5/28/2015